# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAIME OWENS,
Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,
Agency.

DOCKET NUMBER
CH-1221-19-0309-W-1

DATE: March 14, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

Peter Reinhardt, Esquire, Menomonie, Wisconsin, for the appellant.

Jason F. Rudie, Minneapolis, Minnesota, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her request for corrective action in this individual right of action (IRA) appeal.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 Effective July 23, 2017, the appellant was hired as a Nurse Practitioner under the hiring authority of 38 U.S.C. § 7401(1). Initial Appeal File (IAF), Tab 7 at 243. Her appointment was subject to the successful completion of a 2-year probationary period. *Id.* On August 27, 2018, the appellant disclosed to the agency's Office of the Inspector General (OIG) that a specific doctor who worked at her clinic had called in sick on August 16, 2018, and then worked at a non-VA hospital that day. IAF, Tab 6 at 4-7. On October 2, 2018, the appellant received notice that a Nurse Professional Standards Board (NPSB) would be convened on October 15, 2018, to conduct a summary review of her employment. IAF, Tab 7 at 52-56. The notice stated that the Board was being convened to review deficiencies in her conduct or performance regarding "inappropriate behavior." *Id.* at 55-56. On October 29, 2018, the NPSB completed its review and recommended that the appellant be terminated from her position during her probationary period. *Id.* at 33-35. The agency subsequently issued a letter dated November 21, 2018, terminating the appellant, effective December 8, 2018. *Id.* at 29-32.

¶3 On October 10, 2018, the appellant filed a complaint with the Office of Special Counsel (OSC), in which she alleged that the agency had convened the NPSB against her in retaliation for her protected disclosure or activity. IAF, Tab 1 at 23-27. By a letter dated December 10, 2018, the agency stayed its decision to terminate the appellant until January 4, 2019, apparently based on the appellant's pending complaint with OSC. *Id.* at 16, 19. On February 12, 2019, OSC closed its investigation into the appellant's complaint, *id.* at 22, and on February 13, 2019, the agency lifted the stay on the appellant's termination, and terminated her, effective immediately, *id.* at 16.

¶4      The appellant timely filed the instant IRA appeal on April 18, 2019, and requested a hearing. IAF, Tab 1 at 2. The administrative judge issued an acknowledgment order and a jurisdictional order setting forth the elements and burdens of establishing jurisdiction over an IRA appeal. IAF, Tabs 2-3. The appellant filed a narrative response to the orders and filed a copy of the complaint she submitted to OIG, and the agency filed its response file. IAF, Tabs 4, 6, 7.

¶5      Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). The administrative judge concluded that the appellant had exhausted her administrative remedies with OSC regarding her whistleblower reprisal claim. ID at 5. Turning to the content of the appellant's claim, the administrative judge determined that the appellant failed to meet her burden of making a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8), when she disclosed to OIG that a doctor had engaged in potential time and attendance fraud by calling in sick while working at another hospital. ID at 6-7. Conversely, the administrative judge concluded that the appellant had nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she contacted OIG to complain about the potential time and attendance fraud. ID at 7-8. Nevertheless, the administrative judge concluded that the appellant failed to nonfrivolously allege that her protected activity was a contributing factor in the agency's decision to convene the NPSB. ID at 8-9. Specifically, the administrative judge determined that the appellant had not produced any evidence that the allegedly retaliating agency officials were aware that the appellant had filed a complaint with OIG, and so the appellant could not establish that her protected activity contributed to their decision to recommend convening the NPSB. ID at 8-9. Consequently, the administrative judge concluded that the appellant had failed to make the requisite nonfrivolous allegation to establish jurisdiction over her IRA appeal

and dismissed the appeal accordingly.  ID at 9.  The appellant has timely filed a petition for review, and the agency has not filed a response.  Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶6     To establish Board jurisdiction over an IRA appeal, the appellant must exhaust her administrative remedies before OSC and make nonfrivolous allegations that (1) she made a whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); 5 C.F.R. § 1201.4(s).  Whether allegations are nonfrivolous is determined on the basis of the written record.  *Bradley*, 123 M.S.P.R. 547, ¶ 6.  Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction.  *Id.*

¶7     Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence.[2]  *Salerno*, 123 M.S.P.R. 230, ¶ 5.  If the appellant proves that her protected disclosure or activity was a contributing factor in a personnel action taken against her, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure.  *Id.*

---

[2] Preponderant evidence is that degree of relevant evidence a reasonable person, considering the record as a whole, would accept as sufficient to find a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

¶8      On review, the appellant challenges the administrative judge's finding that she did not make a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).  PFR File, Tab 1 at 5-6.  She also argues that she nonfrivolously alleged that her protected activity under 5 U.S.C. § 2302(b)(9)(C) of contacting the agency's OIG was a contributing factor in the agency's decision to terminate her, and therefore, the administrative judge erred by dismissing her appeal for lack of jurisdiction.  *Id.* at 6-8.

¶9      Regarding the latter claim, the administrative judge considered whether the appellant's complaint to OIG constituted protected activity under 5 U.S.C. § 2302(b)(9)(C), which describes as protected activity, "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law," and concluded that the appellant's disclosures to OIG constituted protected activity under this provision. ID at 7-8.  We find no error in this determination.  *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (concluding that disclosures of information to an agency's OIG are protected regardless of their content, as long as such disclosures are made "in accordance with applicable provisions of law").

¶10     The administrative judge next considered whether the appellant's protected activity was a contributing factor in the agency's decision to terminate her. The administrative judge concluded that, because the appellant had not provided any evidence that either of the individuals who initiated the investigation that led to her termination had any knowledge of her disclosure to OIG, she could not meet her burden of making a nonfrivolous allegation that her protected activity was a contributing factor in the agency's decision to terminate her.  ID at 8. In determining that the appellant failed to nonfrivolously allege contributing factor, the administrative judge considered the "knowledge/timing" test, by which the Board considers whether an appellant has demonstrated that the official who took the contested personnel action learned of the protected activity within a

period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. *Id.* (citing *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011)). Concluding that the appellant failed to meet her burden under the knowledge/timing test, the administrative judge acknowledged that the appellant gave OIG permission to disclose her name to agency management but noted that her release form specified that OIG could not release her written complaint or any other personally identifying information to agency managers. ID at 9; IAF, Tab 6 at 7. Based on this fact, and the fact that the appellant did not allege that OIG interviewed either of the agency officials who purportedly retaliated against her, the administrative judge concluded that there was no evidence in the record establishing that the responsible agency officials were aware of the appellant's protected activity. ID at 9.

¶11        However, the Board has determined that an appellant also may satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* The administrative judge did not specifically consider whether either of the allegedly retaliating agency officials had constructive knowledge of the appellant's protected activity.

¶12        Although the administrative judge determined that there was no evidence that either of the allegedly retaliating agency officials was aware that the appellant filed a complaint with OIG, as the appellant correctly notes, the doctor who was the subject of the appellant's disclosure to OIG (and who was also one of the individuals the appellant alleged retaliated against her by convening the NPSB) appeared to suggest that he was aware of the content of the appellant's allegations to OIG, in his letter requesting the convening of the NPSB. PFR File,

Tab 1 at 7-8; *see* IAF, Tab 7 at 85-86 (alleging that the appellant had "targeted" him and had "claimed unsubstantiated, unethical, and personal allegations of which she has no knowledge," in a memorandum dated September 10, 2018, after the appellant's disclosure to OIG, but before the convening of the NPSB). The record also reflects that the NPSB members who recommended the appellant's termination were also aware of her disclosure to OIG, since they specifically reference the content of her OIG disclosure in the termination recommendation. *See* IAF, Tab 7 at 33 ("Ms. Owens has been noted to talk about other staff members when they are not present. Examples include; certain staff sleep on the job; *certain staff call in sick and work elsewhere* . . . . These accusations were unfounded.") (emphasis added).

¶13        Based on the fact that the agency official who recommended convening the NPSB and the NPSB members who recommended that the appellant be removed were all aware of the appellant's OIG disclosure at the time they took the relevant actions, we conclude that the appellant has provided sufficient evidence that the allegedly retaliating agency officials had constructive knowledge of her protected activity. Accordingly, we conclude that the appellant has met her burden of making a nonfrivolous allegation of Board jurisdiction over her IRA appeal, and we remand the appeal for a hearing on the merits of her claim. On remand, the appellant will have the opportunity to prove, by a preponderance of the evidence, that her protected activity was a contributing factor in the agency's decision to terminate her. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 21 (2016).

¶14        The Board has held that the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor element. 5 U.S.C. § 1221(e)(1); *see Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011). If an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was

personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012); *Stiles*, 116 M.S.P.R. 263, ¶ 24. Although the administrative judge identified in her jurisdictional order the ways to show that a protected activity was a contributing factor in a personnel action other than through knowledge/timing evidence, in the initial decision she did not evaluate any of the other methods for doing so beyond the knowledge/timing test. IAF, Tab 3 at 4-5; ID at 8-9.

¶15        Here, the fact that the allegedly retaliating agency official and the NPSB members were apparently all aware of the appellant's OIG disclosures prior to making their respective recommendations could be relevant to the non-knowledge/timing methods for establishing contributing factor, such as the strength or weakness of the agency's reasons for terminating the appellant, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether he had a desire or motive to retaliate against the appellant. *See Dorney*, 117 M.S.P.R. 480, ¶ 15; *Stiles*, 116 M.S.P.R. 263, ¶ 24. On remand, if the administrative judge determines that the appellant failed to meet her burden of proving contributing factor based on the knowledge/timing test, the administrative judge should also consider these non-knowledge/timing methods for proving contributing factor.

¶16        Finally, because we conclude that the appellant met her burden of making a nonfrivolous allegation of Board jurisdiction regarding her claim that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she contacted OIG, we need not address the administrative judge's finding that the appellant failed to nonfrivolously allege that she made a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 7.

**ORDER**

¶17     For the reasons discussed above, we vacate the initial decision and remand this case to the Central Regional Office for the hearing the appellant requested and for further adjudication in accordance with this Remand Order.[3]


FOR THE BOARD:                          _Gina K. Grippando_
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board
Washington, D.C.

---

[3] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.